IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Richard Boggs,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )
Adair F. Boroughs, US             )        3:23-cv-458
Attny., Donald "Trey"             )
Eakins, IRS Special               )
Agent, Peter Rae, IRS             )
Special Agent, John C.            )
Potterfield, AUSA, and            )
Cameron McGowan Currie,           )
US District Judge,                )
                                  )
            Defendants.           )

## ORDER

On February 21, 2023, this court entered its Order and
Notice describing the flaws in Plaintiff's amended complaint and
ordering the correction of those flaws on or before March 8,
2023. (Doc. 9.) Plaintiff replied to the Order and Notice
alleging, inter alia, that he did not intend for the amended
complaint to be filed as a civil case. (Doc. 11 at 1.) Plaintiff
further alleges that "any fees, cost, or questions should be
directed to Judge Harwell regarding this filing." (Id.)

This court construes Plaintiff's[1] filing entitled Reply to Order and Notice filed February 21, 2023, (Doc. 9), as a representation that he will not further comply with the Order and Notice. This court therefore finds the amended complaint should be dismissed with prejudice for the reasons identified previously. (See Doc. 9.)

In addition to Plaintiff's refusal to correct the flaws in his amended complaint, Plaintiff demands "immediate full disclosure as to how, and why, this was made public in this way in direct disregard to Affiant's request for confidentiality." (Doc. 11 at 2.) Plaintiff is apparently referring to the request he included under the caption of his complaint which states: "Victim confidentiality requested." (Doc. 1 at 1.) However, Plaintiff does not provide any statute or authority requiring or even permitting confidentiality as to Plaintiff or his complaint, (see generally Doc. 11), nor is this court aware of any requirement or rule that would apply to Plaintiff in these circumstances and require confidentiality. See, e.g., 18 U.S.C. §§ 3771, 3663.

---

[1] Plaintiff has alternatively referred to himself as "Complainant/Affiant," (Doc. 1 at 1), "Affiant," (id.), and "Plaintiff/Affiant," (Doc. 3 at 1). Because Plaintiff appears to take an unusual approach to the solemn form of a verification, (see e.g., Doc. 3 at 8), this court declines to adopt Plaintiff's use of the term "Affiant" and instead refers to the party filing this action as "Plaintiff."

Even assuming such a rule exists, "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013). For those records and documents that are judicial in nature, "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). Under both the common law and First Amendment jurisprudence, the right of access to judicial records and documents "'may be abrogated only in unusual circumstances.'" Id. at 576 (quoting Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988)).

"The common law presumes a right to inspect and copy judicial records and documents." Stone, 855 F.2d at 180 (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). However, as described in In re Application of United States, "[n]either Goetz, In re Knight, nor Moussaoui - which all relied on Nixon – use a 'heavily outweigh'

standard. . . . Moreover, Rushford subsequently states: 'The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" In re Application of United States, 707 F.3d at 293 n.12 (citing Rushford, 846 F.2d at 253) (emphasis in original).

Plaintiff's pleadings provide no basis upon which to conclude Plaintiff's complaints, (Doc. 1; Doc. 3), are confidential and thus not subject to disclosure under the common law right of access. Therefore, Plaintiff's request for "victim confidentiality" is disregarded by this court. Plaintiff's complaints, (Doc. 1; Doc. 3), were properly filed upon the docket with public access.

Furthermore, Plaintiff's filing of a criminal complaint to compel a criminal prosecution is frivolous. (See Doc. 9 at 6–7.) Relatedly, his claim to status as a crime victim is also patently frivolous. Neither this court, nor the Clerk, nor the Chief Judge of the District of South Carolina are required to confer upon an individual the status of victim based on frivolous allegations and filings.

Plaintiff also contends he never intended for these documents "to be filed as a civil action, nor did [he] personally file, or cause to be filed, such an action."

(Doc. 11 at 1.) Because Plaintiff does not have standing to initiate a federal criminal investigation under the circumstances here, particularly one in which he is obviously attempting to undermine the verdict rendered by the jury in the criminal prosecution, it is for the court and the Clerk's office to determine how the documents are filed, regardless of Plaintiff's intent.

In view of Plaintiff's filing of his "Affiant's Reply to Order and Notice," this court finds the amended complaint has not and will not be brought into proper form. Plaintiff contends he never filed, nor caused to be filed, a civil action. (Id.) Furthermore, Plaintiff's demand that any "fees, cost, or questions" be directed to the Chief Judge, (id.), is patently frivolous.

By responding in this manner, Plaintiff has disavowed any responsibility or willingness to pay the filing fees. As a result of Plaintiff's frivolous reply, (Doc. 11), to the proper form order, (Doc. 9), this court finds Plaintiff has waived the right to any further reply or opportunity to bring the amended complaint into proper form. Although Plaintiff was given until March 8, 2023 to (1) pay the filing fee or submit an Application to Proceed Without Payment of Fees and Affidavit, and (2) correct the defects in his complaint by filing an amended

complaint, (Doc. 9 at 9–10), this court finds no just reason to delay entry of an order and judgment.

This court incorporates by reference the Order and Notice previously filed. (Doc. 9.)

For the reasons set forth herein and in the Order and Notice, (Doc. 9),

**IT IS ORDERED** that Plaintiff's amended complaint, (Doc. 3), and any and all claims asserted by Plaintiff in this action are **DISMISSED WITH PREJUDICE WITHOUT LEAVE FOR FUTHER AMENDMENT.**

A written judgment will be entered contemporaneously herewith.

This the 1st day of March, 2023.


<u>s/William L. Osteen, Jr.</u>
United States District Judge